IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>v.           )<br>)<br>JASON RICHARD HEIDER,    )<br>)<br>Defendant.   ) | Case No. 3:22-cr-36<br><br>SENTENCING MEMORANDUM |

COMES NOW the United States of America, by and through Assistant United States Attorney Andrea L. Glasgow, and files this sentencing memorandum in anticipation of the sentencing hearing currently set for January 18, 2024, at 9:00 a.m.

## TABLE OF CONTENTS

I.   BACKGROUND ........................................................................................1
II.  SENTENCING CALCULATION ............................................................2
III. GOVERNMENT'S RECOMMENDATION .............................................2

**I.   BACKGROUND**

On April 13, 2022, a six-count indictment was filed charging Jason Richard Heider and David Michael Woods. (PSR ¶ 1.) Heider was charged with Production of Child Pornography, between on or about October 7, 2020 through on or about January 18, 2021 (Count One), in violation of 18 U.S.C. § 2251(a), 2251(e); Receipt of Child Pornography, between on or about November 6, 2020 through on or about January 18, 2021 (Count Four), in violation of 18 U.S.C. § 2252(a)(2), 2252(b)(1); and Possession of Child Pornography, on or about September 2, 2021 (Count Six), in violation of 18 U.S.C. § 2252(a)(4)(B), 2252(b)(2). *Id*. Counts Two, Three and Five applied to Woods only. *Id*. A Notice of Forfeiture was filed pursuant to 18 U.S.C. § 2253. (PSR ¶ 2.)

1

On July 20, 2022, the defendant pled guilty to Counts One and Four of the indictment. (PSR ¶ 3.) On August 5, 2022, the Court accepted defendant's plea and adjudicated him guilty. *Id*. As part of the plea agreement, the government agreed to dismiss Count Six at sentencing. (PSR ¶ 4.) A preliminary motion for forfeiture was filed on September 21, 2022. (R. Doc 49.) The Court granted the preliminary motion for forfeiture on September 22, 2022. (R. Doc 50.)

The government filed no objections to the draft PSR. (R. Doc 48.) The defendant emailed the probation office regarding corrections to the PSR. (See PSR p. 59.) There are no outstanding issues to resolve at sentencing.

## II. SENTENCING CALCULATION

In the presentence report paragraphs 89-100 the defendant's guideline range was calculated as follows:

| | |
|---|---:|
| Base Offense Level [USSG §2G2.1(a)] | 32 |
| SOC [USSG 2G2.1(b)(1)(B)] (12–16-year-old) | +2 |
| SOC [USSG 2G2.1(b)(2)(A)] (commission of a sex act) | +2 |
| SOC [USSG 2G2.1(b)(4)] (sadistic or masochistic material) | +4 |
| Acceptance of Responsibility [USSG § 3E1.1(a), (b)] | -3 |
| Total Offense Level | =37 |

Criminal History Category (PSR ¶ 104):  I

**Guideline Sentencing Range (PSR ¶ 153):     210-262 months**

## III. GOVERNMENT'S RECOMMENDATION

The sentencing statutes inform this Court that it must impose a sentence sufficient, but not greater than necessary, to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford

adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. 18 U.S.C. § 3553(a)(2). The Court, in determining the particular sentence to be imposed, shall also consider the nature and circumstances of the offense and the history and characteristics of the defendant. 18 U.S.C. § 3553(a)(1). The sentence must "avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6).

The government will ask the District Court to find a final advisory guideline range of Level 37, Criminal History Category I, advisory guidelines range of 210 to 262 months of imprisonment.

The defendant is 47 years old. (PSR p. 3.) The defendant's offense conduct involved the hands-on sexual abuse of MV1, who was 12 years old at the time of the sexual abuse. After the sexual abuse of MV1, Heider described the abuse, in detail, in messages to another person. The sexual abuse of a child is horrific under any circumstances, but the defendant's description of the abuse and the pleasure he derived from it is repulsive. The defendant's offense conduct also involved the receipt of other child pornography, produced by Woods, depicting MV1 and MV2. The defendant's communications makes it clear that he had knowledge of the significant scope of the grooming and abuse that was being perpetrated against MV1 and MV2. While the guidelines do account for some of the defendant's conduct, the defendant's conduct far exceeds the threshold for the application of some of the sentencing

enhancements here, and for that reason, a sentence at the top of the advisory guidelines range is appropriate—both to provide just punishment and to protect the public from further crimes of this defendant.

WHEREFORE, the government prays the District Court consider this sentencing memorandum in determining the final sentence of this Defendant.

    Respectfully submitted,

    Richard D. Westphal
    United States Attorney

By: */s/ Andrea L. Glasgow*
    Andrea L. Glasgow
    Assistant United States Attorney
    U.S. Courthouse
    131 E. Fourth Street, Suite 310
    Davenport, Iowa 52801
    Tel: (563) 449-5432
    Fax: (563) 449-5433
    Email: aglasgow@usadoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on Wednesday, January 10, 2024, I electronically filed the foregoing with the Clerk of Court using the CM ECF system. I hereby certify that a copy of this document was served on the parties or attorneys of record by:   X  ECF/Electronic filing

UNITED STATES ATTORNEY

By: */s/ Andrea L. Glasgow*
    Assistant U.S. Attorney